**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFERY WERNER, etc., et al.,<br><br>        Plaintiffs,<br><br>     v.<br><br>TALLTANIC PICTURES LLC, etc.,<br>et al.,<br><br>        Defendants. | NO. CV 17-790-E<br><br>INITIAL ORDER RE CASE MANAGEMENT |

This action has been assigned to Magistrate Judge Charles F. Eick. **UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING REQUIREMENTS SHALL APPLY:**

**1.   Service of Complaint**

Plaintiff(s) shall serve the Complaint promptly in accordance with Fed. R. Civ. P. 4.  Immediately following service of the Complaint, Plaintiff(s) shall file proofs of service in accordance with Fed. R. Civ. P. 4(1) and Local Rule 5-3.  Service must be completed within the time specified by Fed. R. Civ. P. 4(m) unless the

Court otherwise orders. Any Defendant not timely served may be dismissed from the action without prejudice, including any "Doe" or fictitious Defendants.

**2. <u>Presence of Responsible Counsel</u>**

Counsel thoroughly familiar with the case, who has full authority to enter into stipulations or other agreements, shall attend any proceeding before this Court.

**3. <u>Discovery</u>**

Counsel must comply with the requirements of the initial disclosure requirements of Fed. R. Civ. P. 26(a) and the early meeting and reporting requirements of Fed. R. Civ. P. 26(f) and Local Rule 26-1. Counsel must comply with Local Rule 37 in connection with any discovery motions.

**4. <u>Non-Discovery Motions</u>**

a. Motions shall be filed in accordance with Local Rules 7 and 11 and General Order 08-02 (e-filing procedures). The provisions of Local Rule 6 governing the service of a notice of motion by personal service also shall govern a notice of motion served electronically. Opposition or reply papers due on a holiday or weekend day must be filed the court day immediately preceding the holiday or weekend day, and must be hand-delivered or faxed to opposing counsel on that day unless served electronically in conformity with Local Rule 5-3.3. No

supplemental briefs shall be filed without prior leave of court. The Court expects counsel to comply with the "meet and confer" requirements of Local Rule 7-3.

    b.   The Court customarily hears motions on Fridays at 9:30 a.m. If a motion is to be noticed for hearing on a Friday at 9:30 a.m., it is not necessary to clear the motion date with the Court's deputy clerk[1] prior to filing the motion.

    c.   Unless otherwise ordered, no memorandum of points and authorities filed in support of or in opposition to any motion shall exceed 25 pages in length. The format of all moving and opposing papers should comply with Local Rule 11.

    d.   All evidence offered in support of or in opposition to a motion must be authenticated properly. See <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764 (9th Cir. 2002). Declarations must comply with 28 U.S.C. section 1746. Citations to excerpts from deposition transcripts, declarations and affidavits must include citations to the specific page and line numbers in depositions and the specific paragraph numbers in affidavits and declarations.

    e.   The party filing the motion shall submit a Proposed Order setting forth the relief or action sought. Proposed orders should be emailed to chambers in conformity with General Order 08-02, Section VI.

---

[1] The Court's deputy clerk is Stacey Pierson ((213) 894-5234).

   f.  In the event that the moving party intends to withdraw the motion or the non-moving party intends not to oppose the motion, or in the event that a party intends to seek a continuance of the hearing date, that party must notify the other party and the Court's deputy clerk promptly, preferably by the <u>Tuesday</u> preceding the hearing date.

   g.  A motion to amend a pleading shall comply with Local Rule 15-1.  Under Fed. R. Civ. P. 15(a), a plaintiff has the right to amend a complaint "once as a matter of course at any time before a responsive pleading is filed."  Even after a responsive pleading is filed, leave to amend will be "freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Before filing a motion to dismiss, the moving party should consider the utility of such a motion, given the liberality with which leave to amend generally is given.

   h.  Motions for reconsideration are disfavored.  The Court ordinarily requires strict compliance with Local Rule 7-18.

**5.  Ex Parte Applications**

   <u>Ex parte</u> applications should generally be reserved for extraordinary relief.  See <u>Mission Power Engineering Co. v. Continental Cas. Co.</u>, 883 F. Supp. 488 (C.D. Cal. 1995).  The Court may impose sanctions for misuse of <u>ex parte</u> applications.  See <u>In re Intermagnetics America, Inc.</u>, 101 B.R. 191 (Bankr. C.D. Cal. 1989).  The Court usually will not consider <u>ex parte</u> applications that fail to comply with Local Rule 7-19.
///

1  The moving party shall serve the ex parte application and all
2 supporting papers on the opposing party by fax, hand delivery or
3 electronic service in conformity with Local Rule 5-3.3 if appropriate,
4 and shall notify the opposing party that opposition papers usually
5 must be filed no later than 24 hours following such service. The
6 Court may prescribe a different deadline for the filing of opposition
7 papers under certain circumstances. If counsel for the non-moving
8 party does not intend to oppose the application, counsel must so
9 advise the Court's deputy clerk by telephone. Conformed "mandatory
10 chambers copies" of all documents filed in support of or in opposition
11 to ex parte applications must be delivered to the drop box in the hall
12 outside Judge Eick's Chambers, Room 342 of the Spring Street
13 Courthouse as soon as possible after filing, but in no event later
14 than noon of the court day following the e-filing of the document.

16  The Court usually rules on ex parte applications without oral
17 argument. The Court's deputy clerk will notify counsel if the Court
18 decides to hear oral argument.

20 **6.    Lodged Documents (if not electronically filed)**

22  Lodged documents shall be identified on the first page of each
23 document by the case name, case number, and lodgment number. Each
24 lodged document shall be bound securely. The Court ordinarily will
25 not accept lodged documents consisting of loose pages.
26 ///
27 ///
28 ///

**7.   Applications or Stipulations for Extensions of Time or Continuances**

With few exceptions, a stipulation extending the time to file documents or to continue dates is not effective unless and until the Court approves the stipulation based on a showing of good cause.  Both applications and stipulations must be filed in advance of the date as to which an extension or continuance is sought, and must set forth: (1) the existing date as to which an extension or continuance is sought, the discovery cut-off date, the motion hearing cut-off date, the pretrial conference date and the trial date, if any; (2) the existence of any prior requests for extensions or continuances, and the Court's ruling on each such prior request; and (3) a description of the diligence of the party seeking the extension or continuance and any prejudice that may result if the application is denied.

**8.   TROs and Other Emergency Applications**

Parties seeking a TRO or other emergency relief must comply with Fed. R. Civ. P. 65 and Local Rule 65-1.  The Court generally will not rule on any such application for at least 24 hours after service upon the opposing party, to permit the opposing party time to file opposition.  The parties shall deliver conformed "mandatory chambers copies" of all papers relating to TROs or other emergency relief to the drop box in the hall outside Judge Eick's Chambers, Room 342, Spring Street Courthouse as soon as possible after filing, but in no event later than noon of the court day following the e-filing of the document.

**9. <u>Removed Cases</u>**

Any Defendant who has not yet responded at the time the Notice of Removal is filed must file that Defendant's response to the Complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Any pending motions must be re-noticed in accordance with Local Rule 6-1.

**10. <u>Communication with Chambers</u>**

Counsel shall not attempt to contact the Judge, the Judge's law clerk, or the Judge's secretary. Counsel may contact the Judge's deputy clerk with appropriate inquiries. To facilitate communication with the Judge's deputy clerk, counsel should list their fax numbers, e-mail addresses and telephone numbers on all papers filed with the Court.

**11. <u>Notice of This Order</u>**

Counsel for Plaintiff shall serve this Order immediately on all parties, including any new parties to the action, except that, if this case was removed to this Court from state court, counsel for the removing party shall serve this Order on all other parties.

///
///
///
///
///

**12. Internet Site**

The Court encourages counsel to review the Court's website for additional information, at www.cacd.uscourts.gov.

IT IS SO ORDERED.

DATED: February 1, 2017.

                                    /s/
                                CHARLES F. EICK
                     UNITED STATES MAGISTRATE JUDGE